**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

LAKEVIEW SALES OF KENOSHA INC., d/b/a
LAKEVIEW SALES OF KENOSHA #1
5922 Sheridan Road
Kenosha, WI 53140

Plaintiff,

v.

United States of America
c/o United States Attorney's Office
530 Federal Building
517 East Wisconsin Avenue
Milwaukee, WI 53202

Defendant.

---

**COMPLAINT FOR JUDICIAL REVIEW OF FINAL AGENCY DECISION**

---

Plaintiff Lakeview Sales of Kenosha Inc., d/b/a Lakeview Sales of Kenosha #1 ("Lakeview"), by counsel, brings this action against the United States of America for judicial review of a Final Agency Decision of the United States Department of Agriculture ("USDA") sustaining a six-month disqualification of Lakeview from the Supplemental Nutrition Assistance Program ("SNAP"), and alleges as follows:

**NATURE OF THE ACTION**

1. This action arises under the Food and Nutrition Act of 2008, 7 U.S.C. § 2011 et seq., and specifically 7 U.S.C. § 2023(a)(13)–(17), which authorizes a retail food store aggrieved by a final administrative determination to obtain judicial review by filing a complaint against the United States within thirty days after the date of delivery or service of the final notice of determination.

2. USDA's Food and Nutrition Service, now styled the Food and Nutrition Administration (together, "FNS"), sustained a six-month disqualification under 7 C.F.R. § 278.6(e)(5) based on a single investigative transaction in which a store cashier inadvertently accepted SNAP benefits for one box of assorted cutlery and one package of coffee filters after a scanner malfunction required manual entry of items at the register.

3. The central dispute is whether this isolated transaction, in light of Lakeview's pre-existing employee training and point-of-sale safeguards, the refusals by Lakeview's clerks of ineligible sales and trafficking on the investigation's other two visits, and the absence of any trafficking or pattern of noncompliance, establishes that the violation occurred "due to carelessness or poor supervision by the firm's ownership or management," as 7 C.F.R. § 278.6(e)(5) requires, or whether the violation was instead too limited to warrant a disqualification under 7 C.F.R. § 278.6(e)(7).

4. Lakeview seeks a trial de novo on the validity of the administrative action under 7 U.S.C. § 2023(a)(15) and, by separate motion, will seek a temporary stay of the disqualification under 7 U.S.C. § 2023(a)(17).

**JURISDICTION AND VENUE**

5. This Court has subject-matter jurisdiction under 7 U.S.C. § 2023(a)(13) and 28 U.S.C. § 1331.

6. Venue is proper in the Eastern District of Wisconsin under 7 U.S.C. § 2023(a)(13) because Lakeview resides and is engaged in business at 5922 Sheridan Road, Kenosha, Wisconsin 53140, within this District. Venue is also proper under 28 U.S.C. § 1391(e)(1)(C).

7. On September 28, 2026, at 8:50 a.m. Central time, FNS transmitted the Final Agency Decision by email from SM.FN.SNAP-ARB@usda.gov to Mohamed Kanan, with a copy

to Lakeview's counsel. That email was the first delivery of the Final Agency Decision to Lakeview or its authorized representative. This action is filed within thirty days after that delivery and is timely under 7 U.S.C. § 2023(a)(13) and 7 C.F.R. § 279.7(a). A true and correct copy of that email and the Final Agency Decision transmitted with it is attached as Exhibit A.

## PARTIES

8. Plaintiff Lakeview Sales of Kenosha Inc. is a Wisconsin business corporation, incorporated on February 11, 2021 (Wisconsin Department of Financial Institutions Entity ID L069752), with its principal office at 5922 Sheridan Road, Kenosha, Wisconsin 53140. Lakeview owns and operates the retail convenience store and fuel station at that address known as Lakeview Sales of Kenosha #1, which is authorized to accept SNAP benefits under FNS number 0883320.

9. Mohamed Kanan is Lakeview's President and registered agent, and FNS's correspondence in the administrative proceeding identifies him as the store's owner.

10. Defendant United States of America is the proper defendant under 7 U.S.C. § 2023(a)(13) and 7 C.F.R. § 279.7(a).

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Lakeview's SNAP Authorization and Pre-Existing Compliance Measures

11. Lakeview is an authorized SNAP retailer. Before the investigation described below, Lakeview had never been sanctioned by FNS, and FNS had never issued Lakeview a warning letter or otherwise notified Lakeview that violations might be occurring.

12. Before May 24, 2025, Lakeview used a SNAP-compliant point-of-sale ("POS") system programmed to distinguish eligible from ineligible merchandise and, under normal operation with barcode scanning, to block ineligible merchandise from SNAP payment. Lakeview demonstrated that blocking function to its staff during training.

13. Before May 24, 2025, Lakeview trained its clerks and cashiers upon hiring regarding SNAP eligibility rules, the handling of EBT transactions, and the procedures to follow in the event of system or technical problems. Mr. Kanan personally conducted or oversaw that training. SNAP informational pamphlets and procedural summaries were kept at the store for employee reference.

**B. The Investigation**

14. FNS investigated Lakeview's SNAP compliance from May 24, 2025 through June 4, 2025. One investigator made three visits to the store. FNS reported a violation on one of those visits.

15. On May 24, 2025, the investigator purchased five eligible food items together with one box of assorted cutlery and one package of coffee filters, priced at $3.99, in a single transaction totaling $38.94 that was paid with SNAP benefits. Cutlery and coffee filters are not eligible for purchase with SNAP benefits.

16. During that transaction, the register's barcode scanner malfunctioned, and the cashier on duty, Dhulipalla Surendranath Chowdary, entered SKU numbers and prices for some items manually. When items were entered manually, the POS system's automatic SNAP-eligibility block did not engage, and the cutlery and coffee filters were not separated from the eligible food items when the customer paid with SNAP benefits.

17. The investigator's report states that the cashier canceled and re-entered the transaction before completing it, and that the receipt did not list the same number of items that were purchased and did not accurately describe them.

18. Mr. Chowdary has stated under oath that he had completed SNAP training provided by Lakeview, understood that ineligible items could not be purchased with SNAP benefits, had to

enter SKU numbers manually because of the scanner malfunction, and did not knowingly permit any ineligible item to be purchased with SNAP benefits.

19. On June 2, 2025, the investigator presented food items together with two boxes of plastic cutlery and a package of coffee filters, the same types of items involved in the May 24 transaction. The clerk told the investigator that the non-food items could not be purchased with SNAP benefits. When the investigator said that he did not have enough cash and asked again to pay for the non-food items with SNAP benefits, the clerk refused and accepted SNAP benefits for the food items only.

20. On June 4, 2025, the investigator asked the clerk for cash back from his SNAP benefits, asked whether the clerk knew anyone who would buy his EBT card, and asked to add cigarettes to his SNAP purchase. The clerk refused each request.

21. FNS did not find trafficking. The Final Agency Decision acknowledges that the trafficking request was refused and that ineligible sales were refused on two visits.

**C. Corrective Measures**

22. After the May 24, 2025 transaction, Lakeview had the scanner repaired, reinforced SNAP training with its employees, reviewed its SNAP compliance procedures, verified its POS software, and posted additional reminders at the register.

**D. The Administrative Proceedings**

23. By charge letter dated July 30, 2025, FNS charged Lakeview with accepting SNAP benefits in exchange for ineligible items in violation of 7 C.F.R. §§ 278.2(a) and 271.2, stated that the violation warranted a six-month disqualification under 7 C.F.R. § 278.6(e)(5), and stated that Lakeview was not eligible for a hardship civil money penalty under 7 C.F.R. § 278.6(f)(1).

24. Lakeview responded to the charge letter on August 3, August 4, and August 25, 2025. Its August 25 response included the sworn affidavits of Mr. Kanan and Mr. Chowdary addressing the POS system, employee training, the scanner malfunction, and corrective measures, and requested that FNS withdraw the proposed penalty or, if any action was warranted, issue a warning.

25. By letter dated September 25, 2025, FNS determined that the violation occurred and imposed a six-month disqualification under 7 C.F.R. § 278.6(e)(5).

26. On October 3, 2025, Lakeview timely requested administrative review and requested reversal of the disqualification or, alternatively, a warning letter under 7 C.F.R. § 278.6(e)(7). Implementation of the disqualification was held in abeyance during administrative review, and FNS confirmed by letter dated December 9, 2025 that Lakeview could continue to accept SNAP benefits while the review was pending.

27. On July 14, 2026, Lakeview supplemented its request for administrative review and asked that the determination be reversed.

28. By Final Agency Decision dated September 23, 2026, David A. Shively, Administrative Review Officer, Administrative and Judicial Review Branch, sustained the six-month disqualification. The Final Agency Decision states that the disqualification becomes effective thirty days after delivery of the decision.

29. The Final Agency Decision did not identify any evidence of carelessness or poor supervision by Lakeview's ownership or management apart from the May 24, 2025 transaction itself. It reasoned that because the items were plainly not food, "one has to question the level of training these employees received," and that a clerk who permits the purchase of ineligible items "is in need of training and supervision."

30. The Final Agency Decision stated that "[t]echnical errors in the point-of-sale system are not a valid reason to reverse or modify the disqualification determination," and did not weigh the scanner malfunction in determining whether the violation resulted from carelessness or poor supervision by ownership or management.

31. The Final Agency Decision did not cite or apply 7 C.F.R. § 278.6(d), and did not explain why a single transaction, in an investigation in which Lakeview's clerks refused ineligible sales and trafficking on the other two visits, was not "too limited to warrant a disqualification" under 7 C.F.R. § 278.6(e)(7).

32. The Final Agency Decision sustained the denial of a hardship civil money penalty on the ground that FNS had determined that 15 similar authorized stores are located within a one-mile radius of Lakeview. The Final Agency Decision does not identify those stores or describe the variety of staple foods they sell or their prices.

**E. Harm to Lakeview**

33. SNAP redemptions account for approximately 30% to 40% of Lakeview's total sales. A six-month disqualification would eliminate that portion of Lakeview's recurring sales while this action is pending, and the Secretary is not liable for the value of sales lost during a disqualification period if the disqualification is later reversed. 7 C.F.R. § 279.7(d).

## COUNT I: TRIAL DE NOVO: THE VIOLATION DID NOT OCCUR DUE TO CARELESSNESS OR POOR SUPERVISION BY OWNERSHIP OR MANAGEMENT

34. Lakeview realleges and incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

35. Under 7 U.S.C. § 2023(a)(15) and 7 C.F.R. § 279.7(c), this action is a trial de novo in which the Court determines the validity of the challenged administrative action.

36. The Court determines de novo, on a fresh evidentiary record, the facts underlying the agency's action, including the facts on which the agency's selection of a sanction depends. *McGlory v. United States*, 763 F.2d 309, 311 (7th Cir. 1985); *Carlson v. United States*, 879 F.2d 261, 263 (7th Cir. 1989); see *Estremera v. United States*, 442 F.3d 580, 585 (7th Cir. 2006). Whether the May 24, 2025 transaction occurred "due to carelessness or poor supervision by the firm's ownership or management" within the meaning of 7 C.F.R. § 278.6(e)(5) is such a fact.

37. Lakeview does not contend that the May 24, 2025 transaction did not occur. Lakeview disputes FNS's determination that the transaction occurred "due to carelessness or poor supervision by the firm's ownership or management."

38. The evidence will show that before the transaction Lakeview had implemented employee SNAP training and technological safeguards designed to prevent ineligible transactions; that the cashier involved had been trained on SNAP eligibility before the incident; that the transaction arose when a scanner malfunction forced manual entry and the POS system's eligibility block did not engage; and that on the investigation's two other visits, Lakeview's clerks refused to accept SNAP benefits for ineligible items, including the same types of items, and refused to engage in trafficking.

39. Section 278.6(e)(5) does not make every first-time sale of a common nonfood item a basis for a six-month disqualification. It applies when the evidence shows that personnel violations occurred due to carelessness or poor supervision by the firm's ownership or management. When violations are too limited to warrant a disqualification, the regulations direct FNS to "[s]end the firm a warning letter." 7 C.F.R. § 278.6(e)(7).

40. FNS treated the existence of the transaction itself as sufficient proof of carelessness or poor supervision by ownership or management, without evidence of any deficiency in

Lakeview's training, supervision, or controls. That approach collapses the distinction the regulations draw between § 278.6(e)(5) and § 278.6(e)(7).

41. Because the evidence does not establish that the violation occurred due to carelessness or poor supervision by Lakeview's ownership or management, the six-month disqualification imposed under 7 C.F.R. § 278.6(e)(5) is invalid and should be set aside.

**COUNT II: ARBITRARY AND CAPRICIOUS SELECTION OF SANCTION**

42. Lakeview realleges and incorporates by reference paragraphs 1 through 41 as if fully set forth herein.

43. Even when a violation is established, the sanction is reviewable to determine whether it is arbitrary and capricious, including whether the agency applied the governing regulations in the appropriate manner. *Carlson*, 879 F.2d at 263; *Estremera*, 442 F.3d at 585; *McGlory*, 763 F.2d at 310–11.

44. In making a disqualification or penalty determination, FNS must consider the nature and scope of the violations committed by personnel of the firm, any prior action taken by FNS to warn the firm about the possibility that violations are occurring, and any other evidence that shows the firm's intent to violate the regulations. 7 C.F.R. § 278.6(d).

45. Each of those factors supported a warning letter. The violation consisted of one transaction involving two low-cost nonfood items; the investigation's other two visits produced refusals of ineligible sales and trafficking; Lakeview had no prior sanction and had received no prior warning; and there is no evidence of any intent by Lakeview to violate the regulations.

46. FNS characterized the six-month disqualification as the minimum and appropriate sanction and rejected Lakeview's request for a warning letter without applying 7 C.F.R. § 278.6(d)

or explaining why the violation was not too limited to warrant a disqualification under 7 C.F.R. § 278.6(e)(7).

47. FNS's selection of a six-month disqualification rather than a warning letter was arbitrary and capricious and not in accordance with the governing regulations, and should be set aside.

**COUNT III: DENIAL OF HARDSHIP CIVIL MONEY PENALTY**

48. Lakeview realleges and incorporates by reference paragraphs 1 through 47 as if fully set forth herein.

49. Under 7 C.F.R. § 278.6(f)(1), FNS may impose a civil money penalty in lieu of disqualification when the firm subject to disqualification is selling a substantial variety of staple food items and the firm's disqualification would cause hardship to SNAP households because there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices.

50. Lakeview sells a substantial variety of staple food items.

51. On information and belief, based on the identity and character of the SNAP-authorized stores near Lakeview known to Lakeview's ownership, not all of the stores on which FNS relied sell as large a variety of staple food items at comparable prices as Lakeview.

52. The facts underlying the hardship determination are determined de novo in this action. To the extent the evidence shows that SNAP households in Lakeview's area lack another authorized retail food store selling as large a variety of staple food items at comparable prices, the denial of a hardship civil money penalty was arbitrary and capricious.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Determine that the six-month disqualification is invalid and set aside the Final Agency Decision;

B. Order that Lakeview remain authorized to participate in SNAP, subject to all ordinary program requirements;

C. Alternatively, set aside the disqualification and remand to USDA with instructions to issue a warning letter under 7 C.F.R. § 278.6(e)(7), or for a new sanction determination consistent with the Court's findings;

D. Alternatively, remand to USDA for determination of a hardship civil money penalty in lieu of disqualification under 7 C.F.R. § 278.6(f)(1);

E. Upon Lakeview's separate application under 7 U.S.C. § 2023(a)(17), temporarily stay the disqualification pending final disposition of this action;

F. Award Lakeview its costs as permitted by 28 U.S.C. § 2412; and

G. Enter such further judgment or order as the Court determines is in accordance with the law and the evidence. 7 U.S.C. § 2023(a)(16).

Dated this 27th day of October, 2026.

**MADRIGRANO, AIELLO &**
**SANTARELLI, LLC**
Attorneys for Plaintiff

/s/ Thomas M. Santarelli
Thomas M. Santarelli (State Bar No. 1036490)
1108 56th Street
Kenosha, WI 53140
Telephone: (262) 657-2000
Fax: (262) 654-0620
Email: ts@kenoshalaw.com